84532

Lamar County - 62nd District Court

Filed 5/26/2015 1:48:03 PM
Shawntel Golden
District Clerk
Lamar County, Texas

Kristen Boehler

6492

CAUSE NO. _____

| | | |
|---|---|---|
| DELLA McCRANIE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | NO. \_\_\_\_ |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| HOME DEPOT OF TEXAS, INC., and | § | |
| THE HOME DEPOT | § | |
| Defendants. | § | LAMAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DELLA MCCRANIE, Plaintiff in the above- styled cause, and file this, her Original Petition complaining of Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT OF TEXAS, INC., and THE HOME DEPOT (hereinafter collectively referred to as "Defendants") and for cause would show the Court and jury the following:

### I. PARTIES

Plaintiff Della McCranie is a resident of Roxton, Lamar County, Texas.

Defendant HOME DEPOT U.S.A., INC. is a business authorized to conduct business in the State of Texas and may be served by serving its registered agent of service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Issuance of Citation is requested at this time**.

Defendant HOME DEPOT OF TEXAS, INC. is a business authorized to conduct business in the State of Texas and may be served by serving its registered agent of service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Issuance of Citation is requested at this time**.

THE HOME DEPOT is a corporation or other entity authorized to conduct business in the State of Texas and may be served by serving its registered agent of service, Corporation Service

Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Issuance of Citation is requested at this time**. Home Depot is one of the assumed or common names (as such terms are used and defined in Tex. R. Civ. P. 28 and interpretive case law) of the entity who owed legal duties as alleged herein to Plaintiff. Notice is hereby given that the correct legal name of Home Depot may be substituted in pursuant to Tex. R. Civ. P. 28 and Sixth RMA Partners v. Sibley, 111 S.W.3d 46, 43 (Tex. 2003); Chilkewitz v. Hyson, 22 S.W.3d 825, 829 (Tex. 1999); In the Greater Hous. Orthopaedic Specialists, Inc., 295 S.W.3d 323, 325 (Tex. 2009); Reddy Partnership/5900 North Freeway LP v. Harris County Appraisal District, 370 S.W.3d 373, (Tex. 2012) and other interpretive case law. The failure of the correct legal entity (who owed legal duties as alleged herein to Plaintiff on or about April 12, 2013) to properly answer this petition and correctly identify itself by full and correct legal name may result in the taking of a default judgment against such entity without further notice.

Whenever in this petition it is alleged that a Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendants or was done in the routine and normal course and scope of employment of that Defendants' officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendants had actual knowledge of all adverse actions and conduct against Plaintiff through Defendants' respective officers, directors, vice-principals, agents, servants, and/or employees.

## II. DISCOVERY CONTROL PLAN

Plaintiff submits this action under Discovery Control Plan Level III, per Rule 190.4 of the Texas Rules of Civil Procedure.

### III. VENUE AND JURISDICTION

Lamar County is the proper venue for this lawsuit by reason of Section 15.001, of Texas Civil Practice and Remedies Code in that the accident which forms the basis of this suit occurred in Lamar County, Texas. This Court has jurisdiction because the damages sustained by Plaintiff, and for which Plaintiff seeks monetary relief over $1,000,000.00.

### IV. FACTS

On or about April 12, 2013, Plaintiff Della McCranie was working within the course and scope of her employment with Defendants HOME DEPOT U.S.A., INC., Home Depot of Texas, Inc., and/or The Home Depot and pulled a pallet of floor tiles to the front of the store for a customer at her place of employment, The Home Depot at 3120 N.E. Loop 286, Paris, Texas 75473. Plaintiff was required to do said work within the course and scope of her employment. Plaintiff's employer failed to provide her with a safe work environment in order to complete the work required of her. Due to Defendants' failure(s), Plaintiff suffered severe and disabling injuries in her back and body generally.

As a result of such injuries, Plaintiff sustained the damages of which she complains of herein, and for which she sues Defendants HOME DEPOS U.S.A., INC., HOME DEPOT OF TEXAS, INC., AND THE HOME DEPOT.

### V. NEGLIGENCE OF DEFENDANTS HOME DEPOT U.S.A, INC., HOME DEPOT OF TEXAS, INC., AND THE HOME DEPOT

Plaintiff contends that Defendants, HOME DEPOT U.S.A., INC., HOME DEPOT OF TEXAS, INC., and THE HOME DEPOT are guilty of at least one or more of the following acts and/or omissions of negligence:

1. In acting with reckless disregard for the safety and welfare of their employees, agents, workers, and others, specifically including Plaintiff Della McCranie;

2. In failing to maintain a safe work environment for their employees, agents, workers, including Plaintiff;

3. In failing to provide proper equipment necessary for Plaintiff and employees to perform their tasks in a safe manner;

4. In failing to use due care to avoid injury;

5. In failing to provide adequate supervision;

6. In failing to provide proper training to employees, agents, and workers to prevent serious work related injuries;

7. In failing to provide its employees, agents, and workers, including Plaintiff, with personal protective equipment;

8. In failing to warn Plaintiff of the dangerous condition which existed; and

9. In failing to act as a reasonably prudent person and/or employer would have done under the same or similar circumstances.

Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injury and damages that are described below. As a result, Plaintiff Della McCranie's cause of action arises out of a basis of law, thus entitling Plaintiff to the relief sought.

As Plaintiff Della McCranie's employer was not a subscriber to workers' compensation insurance under Texas law, Defendants is precluded from asserting any common-law defenses, such as contributory negligence, fellow-employee doctrine, and/or assumption of the risk against Plaintiff.

Defendants **HOME DEPOS U.S.A., INC., HOME DEPOT OF TEXAS, INC., AND THE HOME DEPOT** and its respective agents, servants, and employees also violated the Occupational Safety and Health Administration Act in failing to furnish to each of its employees, including Plaintiff, employment and a place which were free from recognized hazards that are causing or are likely to cause death or serious physical harm to its employees, as required by Section 5(a)(1) of the Occupational Safety and Health Act of 1970.

This violation demonstrates Defendants' reckless disregard for the safety of its workers and/or employees. Plaintiff was functioning in the course and scope of her employment with Defendants at the time of the accident. Furthermore, it is Plaintiff's belief that Defendants at all

relevant times knew that employees were moving heavy product, including pallets of floor tiles, for customers, but nonetheless directed its workers to do so without the use of proper tools, machines or equipment. The conduct of Defendants solely and proximately caused the occurrence that made the basis of this cause and Plaintiff's injuries and damages.

## VI. NEGLIGENT ACTIVITY OF DEFENDANTS

In the alternative to other counts, Plaintiff's injury was the result of Defendants' ongoing negligent activity at the time of the injury. At all relevant times, Defendants required that its employees, including Plaintiff, move heavy product without the use of proper tools of equipment. This negligent activity was the proximate cause of the bodily injuries to Plaintiff Della McCranie.

As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Plaintiff Della McCranie suffered severe disabling injuries. Plaintiff alleges that all of these damages were proximately caused solely by the conduct of Defendants and thus Defendants is solely liable for Plaintiff's injury and damages.

## VII. DAMAGES

As a result of the accident in question, Plaintiff, Della McCranie, has suffered severe and permanent physical injuries. Plaintiff is entitled to have and recover damages for physical pain and mental anguish, both past and future; physical impairment, both past and future; physical deformity, both past and future; lost wages, both past and future, and medical bills and expenses for reasonable and necessary care for the treatment of the injuries Plaintiff sustained both in the past and in the future. The total monetary damages sought by Plaintiff are in excess of the minimum jurisdiction of this Court.

## VIII. JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DELLA MCCRANIE prays that on final trial Plaintiff has:

1) Judgment against Defendants for actual damages in a sum in excess of the minimum jurisdictional limits of the Court;

2) Exemplary damages;

3) Pre-judgment interest;

4) Post-judgment interest;

5) Costs of Court; and

6) All such other and further relief to which they may show themselves to be justly entitled, whether it be at law or in equity.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

/s/ Thomas W. Fee
**THOMAS W. FEE**
State Bar No. 06873160
**JENNIFER M. LEE**
State Bar No. 24049084
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100
(972) 934-9200 [Fax]
tfee@feesmith.com
jlee@feesmith.com

**ATTORNEY FOR PLAINTIFF**